

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2005

# Hayes v. Daisy Constr Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4117

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hayes v. Daisy Constr Co" (2005). *2005 Decisions.* Paper 865.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/865

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4117
_____

DALE A. HAYES,

Appellant

v.

DAISY CONSTRUCTION COMPANY

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 02-cv-00066)
District Judge: Honorable Gregory M. Sleet

_____

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2005

BEFORE: RENDELL, AMBRO and FUENTES, CIRCUIT JUDGES

(Filed July 12, 2005)

_____

OPINION
_____

PER CURIAM

Dale Hayes appeals from the order of the United States District Court for the

District of Delaware granting the Appellee's motion for summary judgment in this action

brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and state law.

The factual and procedural history of this case need not be discussed at length here; it is well-known to the parties and is set forth in the District Court's opinion. In 2002, Hayes brought this action under Title VII alleging that Daisy Construction Company ("Daisy") discriminated against him on account of his race and color by failing to pay him at the same hourly rate as non-minority employees for comparable work and by refusing to give him a promotion after successful completion of an on-the-job training program in connection with the I-95 Toll Plaza project. He claimed that Daisy breached its contract with the United States Department of Transportation, Federal Highway Administration and that he was not paid the prevailing wage for a concrete finisher under Delaware law. He requested compensation for lost wages and damages for mental anguish, pain, and suffering.

Daisy moved for summary judgment claiming that Hayes failed to make out a prima facie case on his Title VII claims, that the breach of contract and prevailing wage claims were barred by the applicable statute of limitations, and that the pain and suffering claim lacked record support. Upon consideration of the parties' written submissions, the District Court granted summary judgment for Daisy. First, the District Court ruled that although Hayes satisfied the first three prongs of the prima facie case for employment discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), there was no evidence from which the District Court could infer that Daisy compensated Hayes less

than other similarly situated non-minority persons or refused to promote Hayes because of his race or color. Specifically, the District Court found that none of the non-minority concrete finishers cited by Hayes as comparables were similarly situated to him because they had additional skills that qualified them for a higher base pay rate. As for Daisy's alleged failure to promote Hayes, the District Court found that there was no evidence showing that non-minority workers were treated more favorably in receiving promotions. The District Court rejected Hayes's claim that his pay was reduced after he completed the program in order to force him to resign, noting that Hayes admitted that he received a pay increase to $9.50 an hour, followed by a merit increase to $10.50 an hour occurring five months later. The District Court determined that Hayes failed to rebut Daisy's evidence at summary judgment that it had fulfilled all of its obligations to Hayes. There was no record evidence indicating that Daisy did not intend to retain Hayes as a permanent employee or that Hayes was forced to resign. Thus, based on the undisputed facts, the District Court held that Hayes failed to make out a prima facie adverse treatment claim for failure to compensate or promote based on race or color as a matter of law.

The District Court also ruled that Hayes failed to state a claim under Delaware's Prevailing Wage Law, 29 Del. C. § 6960. The District Court found that Hayes admitted that he was paid according to the appropriate prevailing wage classification under the I-95 Toll Plaza contract, and that the claim was time-barred in any event because the complaint was brought more than two years after the cause of action accrued. See 29 Del. C. § 6960(h). As for Daisy's failure to honor its Government contract, assuming that

Hayes had standing, the District Court held that the breach of contract claim was barred by the applicable three-year statute of limitations pursuant to 10 Del. C. § 8106. Finally, the District Court found no record evidence supporting Hayes's general claim of mental anguish, pain, and suffering.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over an order granting summary judgment. See Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64 (3d Cir. 1990). As is well understood, summary judgment is granted when "no genuine issue [exists] as to any material fact and [when] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the nonmoving party and we draw all inferences in that party's favor. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997). We agree with the District Court on the disposition of all of Hayes's claims and we will affirm for substantially the same reasons set forth in the District Court's opinion.

Hayes argues that the District Court failed to properly investigate his Title VII claims and that he never got the opportunity to plead his case before a jury. He reiterates his claims that Daisy refused to train him and failed to make good on their promise to promote him. Moreover, he contends that he was treated harshly by his superiors because of his race and color.

We recognize that the inquiry into whether an employee's race or color caused the conduct at issue often requires an assessment of the individual's motivations and state of

mind, matters that are not as readily amenable to disposition at summary judgment. Faced with a properly supported summary judgment motion, however, a plaintiff must come forth with some evidence sufficient to create a genuine issue of material fact. In Hayes's case, he has not met his burden of showing that Daisy discriminated against him based on his race or color. As for his claim of harsh treatment, he made a similar allegation regarding co-workers making racial remarks in the amended complaint. Hayes does not point to any evidence, and we find none on this record, that supports either of these contentions. Viewing the evidence in the light most favorable to Hayes, we agree with the District Court that he was not treated differently than similarly situated non-minority workers in terms of compensation or promotion. Thus, we conclude that the District Court properly granted summary judgment in favor of Daisy.

Accordingly, we will affirm the judgment of the District Court.